IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


BILLY WAYNE HOLDER,

                              Plaintiff,

            v.                              CASE NO. 07-3059-SAC

STATE OF KANSAS, et al.,

                              Defendants.


O R D E R

     Before the court is a complaint filed under 42 U.S.C. § 1983 by
a prisoner confined in the Saline County Jail in Salina, Kansas.
Plaintiff filed his complaint pro se and seeks leave to proceed in
forma pauperis under 28 U.S.C. § 1915.

*Motion for Leave to Proceed In Forma Pauperis*

     Pursuant to 28 U.S.C. § 1915(b)(1), the court is required to
assess an initial partial filing fee of twenty percent of the
greater of the average monthly deposits or average monthly balance
in the prisoner's account for the six months immediately preceding
the date of filing of a civil action.  Although it appears plaintiff
may have been released from custody shortly after filing his
complaint, the fee requirements imposed by 28 U.S.C. § 1915(b) still
apply because plaintiff filed his complaint while he was a prisoner
as defined by 28 U.S.C. § 1915(g).  Having examined the records, the
court finds the average monthly deposit to plaintiff's account
during that statutory six month period is $20.00 and the average

monthly balance is $7.26.  The court therefore assesses an initial partial filing fee of $4.00, twenty percent of the average monthly deposit.

*Amendments to the Complaint*

Plaintiff filed an amended complaint to name an additional defendant. *See* Fed.R.Civ.P. 15(a)(plaintiff may amend his complaint "once as a matter of course" prior to defendants filing their response to the complaint).  The court liberally construes this pro se pleading as incorporating the original complaint and all claims and defendants therein.  *See* Haines v. Kerner, 404 U.S. 519, 520 (1972)(a pro se litigant's pleadings are to be given a liberal construction by the courts).

Plaintiff's motion to amend the complaint to name another prisoner as an additional plaintiff is denied.  Restrictions imposed by the Prison Litigation Reform Act apply to actions prisoners file seeking relief in federal court.  One such requirement is that a prisoner must pay the full district court filing fee.  28 U.S.C. § 1915(b)(1).  Courts examining the impact of multiple plaintiffs on this statutory requirement have decided that prisoner plaintiffs may not undermine this statutory obligation by joining in the filing of a single action, and have held that each prisoner plaintiff must pay the full district court filing fee.  *See e.g.,* Hubbard v. Haley, 262 F.3d 1194 (11th Cir. 2001)(each prisoner must proceed in a separate action and be responsible for payment of the full district court filing fee). *See also* Pinson v. Whetsel, 2007 WL 428191 (Slip Copy)(W.D.Okl. Feb. 1, 2007)(discussing difficulties if joinder of

prisoner plaintiffs permitted).

*Screening of the Amended Complaint*

Because plaintiff filed his complaint while he was a prisoner, the court is required to screen the complaint as later amended and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.   28 U.S.C. § 1915A(a) and (b).

In this action, plaintiff asserts broad allegations related to the conditions of his confinement in the Saline County Jail. Plaintiff generally cites staff inattention to medical needs, negligence in disclosing plaintiff's medical history, being assaulted by another prisoner, and sanitation and safety issues including dirty food trays, moldy bread, spiders in the jail, showers being too hot, and rough handling by guards.  He further claims he was denied legal documents and religious items when he was transferred to a state mental facility, and contends information supporting a court order regarding his participation in sex offender treatment programming was provided by him to a nurse while he was under duress.

On these allegations plaintiff seeks damages from the State of Kansas, the Saline County Board of County Commissioners, Glen Kochanowski (Saline County Sheriff), Marie Robins (a mental health professional), Sherry Hazen (identified as a "Medina Counselor"), Beth (a healthcare provider at the Saline County Jail), and Nell (a mail handler at the Saline County Jail).

Having reviewed the amended complaint, the court finds it is subject to being summarily dismissed for the following reasons even if plaintiff pays the initial partial filing fee assessed herein and is granted leave to proceed in forma pauperis.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  Also, the personal participation of each defendant is an essential allegation in a § 1983 action. Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  See Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997)("Individual liability under 42 U.S.C. § 1983 must be based on personal involvement in the alleged constitutional violation.").  Plaintiff may not rely on the doctrine of respondeat superior to hold a defendant liable by virtue of the defendant's supervisory position.  Rizzo v. Goode, 423 U.S. 362 (1976).  See Kite v. Kelley, 546 F.2d 334, 337 (10th Cir. 1976)(before a superior may be held liable for the acts of an inferior, superior must have participated or acquiesced in the constitutional deprivation).

The court first finds the State of Kansas should be dismissed because the Eleventh Amendment bars suits in federal court against

a state for money damages.  *See* Edelman v. Jordan, 415 U.S. 651, 663
(1974).  Moreover, a state is not considered a "person" within the
meaning of 42 U.S.C. § 1983.  Will v. Michigan Department of State
Police, 491 U.S. 58, 71 (1989).

The court next finds plaintiff's allegations of negligence
state no claim upon which relief can be granted under 42 U.S.C. §
1983.  A negligent act of an official causing injury to life,
liberty, or property does not violate the United States
Constitution.  Absent sufficient factual allegations that the
intentional or reckless conduct of a state official cause the
plaintiff's injury, no cognizable claim under § 1983 is stated
against that official.  Daniels v. Williams, 474 U.S. 327, 328-31
(1986); Davidson v. Cannon, 474 U.S. 344 (1986).  *See* Bryson v. City
of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990)(more than mere
negligence required for constitutional deprivation in civil rights
action).

The court also finds the amended complaint is too sparse to
establish a factual basis for any claim of constitutional
deprivation against any of the named defendants, or to establish any
defendant's personal participation in any such misconduct.  Rule
8(a) "requires that a complaint contain a short and plain statement
of the claim showing that the pleader is entitled to relief."
Monument Builders of Greater Kansas City, Inc. v. Am. Cemetery Ass'n
of Kan., 891 F.2d 1473, 1480 (10th Cir. 1989)(*internal quotation
marks omitted*).  Here, plaintiff's broad and conclusory allegations
are insufficient to give defendants fair notice of plaintiff's

specific claims, or to allow the court to determine whether there is any claim for relief stated against the named defendants.

Nor does plaintiff allege any violation of his constitutional rights pursuant to a policy or custom of the Saline County Board of County Commissioners, which is required to state a claim for relief under 42 U.S.C. § 1983 against a municipality.  *See* <u>Monell v. Dept. of Social Services</u>, 436 U.S. 658, 694 (1978).

For these reasons, the court directs plaintiff to supplement the amended complaint to avoid the summary dismissal of this action for the reasons stated by the court.[1]  *See* 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines ...the action...fails to state a claim on which relief may be granted, or...seeks monetary relief against a defendant who is immune from such relief.").

IT IS THEREFORE ORDERED that within twenty (20) days, plaintiff shall submit an initial partial filing fee of $4.00.  Any objection to this order must be filed on or before the date payment is due. The failure to pay the fees as required herein may result in the dismissal of this action without prejudice.

---

[1]Plaintiff is advised that dismissal of the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) will count as a "strike" under 28 U.S.C. 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

IT IS FURTHER ORDERED that plaintiff's motion to amend the complaint (Doc. 3) as supplemented (Doc. 6) to name an additional plaintiff is denied.

IT IS FURTHER ORDERED that plaintiff's amended complaint naming an additional defendant is construed by the court as incorporating plaintiff's original complaint, and that plaintiff is granted twenty (20) days to supplement the amended complaint to avoid dismissal of this action for the reasons stated by the court.

The clerk's office is to provide plaintiff with a form complaint for filing under 42 U.S.C. § 1983.

**IT IS SO ORDERED.**

DATED:  This 23rd day of January 2008 at Topeka, Kansas.


   s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

7